UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-mj-05045-DWC-TMC-1 |
| Plaintiff, | ORDER DENYING MOTION TO SET ASIDE ORDER OF TRANSPORT |
| v. | |
| JOHN DOUGLAS HOUSTON, | |
| Defendant. | |

Before the Court is Defendant John Douglas Houston's "Objection and Motion to Set Aside Magistrate Judge's Order of Transport." Dkt. 29. For the reasons explained below, the Court DENIES the motion.

## I.    PROCEDURAL HISTORY

Mr. Houston was arrested in this district on February 6, 2025 based on an arrest warrant and criminal complaint from the Western District of Oklahoma finding probable cause that Houston committed the offense of Interstate Travel to Avoid Prosecution in violation of 18 U.S.C. § 1073. Dkt. 1, 10. On March 12, 2025, U.S. Magistrate Judge David W. Christel held a hearing, denied Mr. Houston's motion to dismiss, ordered that he be transferred to the Western District of Oklahoma, and ordered him detained. Dkt. 23–26. On March 19, 2025, Mr. Houston

filed the present motion asking the Court to set aside the Magistrate Judge's transfer order. Dkt. 29. The motion was referred to the undersigned judge on March 20, and the Court ordered the United States to respond by March 24. Dkt. 31. The United States has now responded, Dkt. 33, and the motion is ripe for decision.

## II.    JURISDICTION

As Mr. Houston's motion explains, even if there is not a statutory or rule-based right to appeal a transfer order by a Magistrate Judge, "the Court may, in its discretion, exercise its 'general supervisory authority to review the decisions of a federal magistrate judge acting pursuant to 28 U.S.C. § 636(b).'" *United States v. Steele*, No. MJ20-252MAT-RSL, 2020 WL 4726704, at *2 (W.D. Wash. Aug. 13, 2020) (quoting *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180, 1185 (S.D. Cal. 2014)). The Court will exercise its discretion to review the transfer order and consider the merits of Mr. Houston's motion.

## III.    DISCUSSION

Mr. Houston argues that he cannot be ordered returned to the Western District of Oklahoma because formal written approval of his prosecution under 18 U.S.C. § 1073 has not been provided under the statute. Title 18 U.S.C. § 1073 provides: "Violations of this section may be prosecuted only . . . upon formal approval in writing by the Attorney General, the Deputy Attorney General, the Associate Attorney General, or an Assistant Attorney General of the United States, which function of approving prosecutions may not be delegated."

Mr. Houston argues that this provision deprives this Court of jurisdiction to conduct proceedings under Federal Rule of Criminal Procedure 5 and transfer him to the district where the warrant for his arrest was issued. Because the warrant was issued based on a criminal complaint, Mr. Houston argues he is being prosecuted without written approval, in violation of the statute.

There is limited caselaw addressing this question. In *United States v. Frank*, however, the Third Circuit held that "[c]onsistent with the original purpose of the Act, which is to permit federal law enforcement officers to assist local law enforcement by apprehending fleeing felons, the [written approval] paragraph has never been construed to require consent from a high official of the Department of Justice for the filing of a charge, the issuance of an arrest warrant, or the arrest and detention of a fugitive." 864 F.2d 992, 997 (3rd Cir. 1988) (citing cases), *cert. denied*, 490 U.S. 105 (1989). The court further explained that "to construe section 1073 as requiring approval from the highest level of the Justice Department for a complaint, a warrant, or an arrest would . . . set a premium on a quick get-away across state lines by the criminal." *Id.* The Court concluded: "on determining probable cause . . . a magistrate must have the authority at least to detain a defendant until such time as he may be taken into state custody, without the approval of the highest levels of the Department of Justice." *Id.*

In the absence of Ninth Circuit authority, this Court finds the Third Circuit's reasoning in *Frank* persuasive and concludes that the Magistrate Judge had the authority to conduct the probable cause and detention hearing and issue the transfer order in this case.

## IV.    CONCLUSION

For the reasons explained above, the motion (Dkt. 29) is DENIED.

Dated this 24th day of March, 2025.

Tiffany M. Cartwright
United States District Judge